UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD GREENBERG,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No. 17-cv-01862-RS

**ORDER DENYING MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Target Corporation moves to dismiss plaintiff Todd Greenberg's putative class action complaint alleging Target falsely represents the health benefits of biotin supplements it sells in its stores. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for August 31, 2017, is vacated. Because Target's arguments for dismissal all fail, its motion is denied.

## II. BACKGROUND

Greenberg alleges Target falsely, misleadingly, and deceptively claims on the labels of its 1000 mcg, 5000 mcg, and 10,000 mcg biotin supplements (sold under the "Up & Up" brand) that these products "help[] support healthy hair and skin." Compl. ¶ 1. According to Greenberg:

> The human body only requires a finite amount of biotin on a daily basis for it to perform its enzymatic functions as there are a finite number of enzymes that use biotin. Once there is sufficient biotin in the body, saturation occurs and the body just does not use this surplus biotin. . . . More than sufficient biotin is derived from

> the daily diets of the general U.S. population as healthy persons ingest anywhere from 30mcg-60mcg of biotin from their daily diets. . . .
> While persons (1) with exceedingly rare conditions that cause biotin deficiencies, or (2) who chronically ingest inordinant [sic] amounts of raw egg whites, can require biotin supplementation, other than these few rare exceptions, healthy people already have more than adequate, if not excessive, amounts of biotin derived from their diet. In fact, average biotin intake among North American adults is anywhere from 35-70 mcg per day. Yet, the 1000 mcg product is over 30 times more than the [adequate intake], the 5000 mcg product is over 150 times more than the [adequate intake], and the 10,000 mcg product is over 300 times more than the [adequate intake]. Thus . . . these mega-dose amounts are far beyond any conceivable range that would ever be beneficial. . . .
> As a result of the foregoing, the mega-dose Biotin Products to be taken in daily doses ranging from 1000 mcg to 10,000 mcg as sold by Defendant are superfluous and unneeded and they will not and do not provide any benefits at all, let alone support healthy hair, skin and nails.

*Id.* ¶¶ 3-4, 9.[1]  In response to Target's allegedly false, misleading, and deceptive health benefit representations, Greenberg filed this putative class action, advancing claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.  The UCL claim is brought on behalf of "All consumers who, within the applicable statute of limitations period until the date notice is disseminated, purchased [Target's] Biotin Products in California, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington," or, in the alternative, "All California consumers who within the applicable statute of limitations period until the date notice is disseminated, purchased [Target's] Biotin Products."  Compl. ¶ 21-22.  The CLRA claim is brought on behalf of the putative California class only.  Greenberg seeks

---

[1] In support of certain factual allegations, Greenberg's complaint cites *Dietary Reference Intakes for Thiamin, Riboflavin, Niacin, Vitamin B6, Folate, Vitamin B12, Pantothenic Acid, Biotin, and Choline*, a 2000 Institute of Medicine Report from the National Academy of Sciences. (Target requests judicial notice of this report and an updated version of the report from 2006; notice will be taken of the contents of these reports, but they will not be taken as true.) Target's repeated challenge to this report as supportive of Greenberg's claims is misplaced. If it chooses, Target can challenge the sufficiency of Greenberg's evidence on a motion for summary judgment and/or at trial. For now, the report serves only to buttress the plausibility of Greenberg's claims — but it is not strictly necessary, and Greenberg's claims would be plausible even if his complaint made no mention of the report.

1  restitution and an injunction in connection with the UCL claim, and an injunction, restitution,

2  disgorgement, and damages in connection with the CLRA claim.  Target now seeks dismissal of

3  Greenberg's claims.

### III.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  "[D]etailed factual allegations" are not required, but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Federal Rule of Civil Procedure 9(b), meanwhile, requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy this pleading standard, a plaintiff must allege the "who, what, where, when, and how" of the alleged misconduct.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint, while Rule 12(b)(1) allows a defendant to challenge a court's subject matter jurisdiction over the plaintiff's claims.  "[S]tanding . . . pertains to a federal court's subject-matter jurisdiction under Article III, [and is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party.  *Iqbal*, 556 U.S. at 678.

## IV.  DISCUSSION

### A.  Whether Greenberg Has Standing to Seek Injunctive Relief

Target's first legal challenge to the complaint is that Greenberg does not have standing to seek injunctive relief on behalf of the putative classes because he has identified the alleged falsity of Target's biotin health benefit representations and thus is no longer at risk of being deceived. Though certain decisions have credited arguments of this nature, *see, e.g.*, *Duran v. Creek*, No. 3:15-CV-05497-LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016), this decision will not. Were it to accept the suggestion that Greenberg's mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false labelling cases, a wholly unrealistic result. *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (citing *Henderson v. Gruma Corp.*, No. 10-04173, 2011 WL 1362188 at *7 (C.D. Cal. Apr. 11, 2011) ("If the Court were to construe Article III standing for . . . UCL claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ('once bitten, twice shy') and would never have Article III standing.")).  Accordingly, Greenberg has standing to seek injunctive relief on behalf of the putative class.

### B.  Whether Greenberg's Claims Are Lack-of-Substantiation Claims

Target challenges Greenberg's claims as improper lack-of-substantiation claims. A lack-of-substantiation claim challenges a defendant's alleged failure to substantiate representations it makes about its product. Such a claim may not be advanced by a private plaintiff under California law. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003). Greenberg's claims, however, are not lack-of-substantiation claims. He alleges the representation that Target's biotin supplements "help[] support healthy hair and skin" is affirmatively false, and alleges a plausible metabolic explanation for why this is so. *See* Compl. ¶¶ 1, 3("Defendant's health benefit representations are false, misleading and reasonably likely to deceive the public. . . . The human body only requires a finite amount of biotin on a daily basis for

it to perform its enzymatic functions as there are a finite number of enzymes that use biotin. Once there is sufficient biotin in the body, saturation occurs and the body just does not use this surplus biotin."); *see also infra* Parts IV.C-D (deeming Greenberg's allegations sufficiently pleaded). Accordingly, his claims are not subject to dismissal as lack-of-substantiation claims.

### C. Whether Greenberg Has Adequately Pleaded Falsity

Target also asserts Greenberg fails to allege any facts demonstrating the challenged health benefit representations are actually false, misleading, or deceptive. Yet Greenberg's complaint does exactly this. It plausibly alleges that the "human body only requires a finite amount of biotin on a daily basis for it to perform its enzymatic functions as there are a finite number of enzymes that use biotin," Compl. ¶ 3, that the daily adequate intake of biotin for adults is 30 mcg, that the typical American adult receives 35-70mcg of biotin from an ordinary daily diet, that biotin deficiency is extremely rare, and that 1000 mcg, 5000 mcg, and 10,000 mcg "megadose" biotin supplements are useless and confer on the user no health benefits. These factual allegations are sufficient to "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, namely, a claim that Target's biotin health benefit representations are actually false, *see Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095 (9th Cir. 2017) ("[P]rivate citizens bringing suit under the UCL or the CLRA [must] properly allege proof that plaintiffs sustained injury from relying on marketing statements that were actually false.").

### D. Whether Greenberg Has Adequately Pleaded Fraud

Target likewise takes the position Greenberg's claims sound in fraud, and that he fails to satisfy the pleading requirements of Rule 9(b). Greenberg, however, plainly alleges the "who, what, where, when, and how" of the alleged misconduct. *Cooper*, 137 F.3d at 627. The who: Target; the what: falsely representing that its biotin supplements help support healthy hair and skin; the where: the allegedly false representation was printed on the label of biotin supplements sold by Target at its stores nationwide — Greenberg allegedly purchased the supplement in Novato, California; the when: at all times within the applicable statutes of limitations — Greenberg made his purchase on or around May 5, 2015; the how: the health benefit

1  representation is allegedly false because humans can metabolize only a finite amount of biotin,
2  and Americans ordinarily receive more than sufficient biotin in their daily diets.
3      While Target faults Greenberg for failing to include in his complaint any allegations
4  regarding his use of a Target biotin supplement, no such allegations are required to satisfy Rule
5  9(b). Greenberg adequately alleges all that is required: that he relied on an alleged
6  misrepresentation in purchasing a Target biotin supplement he now believes to be useless and
7  incapable of delivering on Target's health benefit representations. Compl. ¶ 15 ("[Greenberg]
8  purchased a bottle of the biotin 5000 mcg product . . . in reliance on Defendant's health benefit
9  representations. . . . The Biotin Product Plaintiff Greenberg purchased did not and could not
10 provide the represented health benefits. Had Plaintiff Greenberg known the truth about
11 Defendant's misrepresentations, he would not have purchased the Biotin Product. As a result,
12 Plaintiff Greenberg suffered injury in fact and lost money at the time of purchase."); *see Kwikset*
13 *Corp. v. Superior Court*, 51 Cal. 4th 310, 334 (2011) ("a buyer forced to pay more than he or she
14 would have is harmed at the moment of purchase").
15     Target also faults Greenberg for failing to cite any data demonstrating biotin's
16 ineffectiveness. Yet he need not do this, either. For one thing, Greenberg need not prove the
17 falsity of Target's health benefit representations at this juncture. Moreover, Greenberg need not
18 cite any testing data when he does attempt to prove his claims. *See King Bio*, 107 Cal. App. 4th at
19 1348 ("The falsity of the advertising claims may be established by testing, scientific literature, or
20 anecdotal evidence."). Greenberg alleges a plausible metabolic explanation for why Target's
21 health benefit representations about its biotin supplements are false. This is sufficient to satisfy
22 both Rule 8 and Rule 9(b)'s pleading requirements.

### E. Whether Greenberg Gave Sufficient Notice of the CLRA Claim

24 According to Target, Greenberg gave it insufficient notice of his CLRA claim in advance
25 of filing this action. On April 4, 2017, Greenberg mailed to Target at its Minnesota headquarters
26 notice of his intention to file a CLRA claim on the basis of Target's health benefit representations
27 about biotin. Thirty days later, on May 4, Greenberg initiated this action. California Civil Code

ORDER DENYING MOTION TO DISMISS
CASE NO. 17-cv-01862-RS

6

1  section 1782 requires at least thirty-days notice to the would-be defendant before the initiation of

2  any CLRA action for damages.  Target, however, suggests a literal application of section 1782

3  requires additional time for notice by mail to an out-of-state defendant.[2]  Yet it does not offer any

4  authority for this proposition, and Greenberg's thirty-day wait between providing notice and

5  initiating this action complied with § 1782's thirty-day notice requirement.

**F. Whether Greenberg Has Standing to Assert Claims on Behalf of the Multi-State Class**

Finally, Target argues Greenberg does not have standing to assert his UCL claim on behalf of the proposed multi-state class (there is no dispute Greenberg has standing to assert claims on behalf of the proposed California class).  Target cites in support of this argument *Morales v. Unilever U.S., Inc.*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *4-5 (E.D. Cal. Apr. 9, 2014), which held certain named plaintiffs did not have standing to assert putative class claims under the consumer protection laws of states in which they neither resided nor purchased the defendant's challenged product.  *See also In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009) (citation omitted) ("Where, as here, a representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are subject to dismissal."); *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) ("Since named Plaintiffs here only reside in California, New York, and Washington, but have alleged violations of the consumer protection laws of forty-two states and the District of Columbia, the Court GRANTS Defendant Apple's Motion to Dismiss Plaintiffs' consumer protection claims for all jurisdictions except for California, New York, and Washington.").

Greenberg does not have this problem; he is a California resident and his claims are brought under California law.  Whether Greenberg can maintain a class action on behalf of non-

---

[2] In its motion, but not in its reply brief, Target argues California Code of Civil Procedure § 1013(a) applied to Greenberg's notice, and required him to give an extra ten days' notice because he provided notice by mail to an out-of-state addressee.  Section 1013(a), however, is a state procedural rule that does not apply to actions in federal court.  To the extent any additional procedural rule applies to the requirements of section 1782, it is Federal Rule of Civil Procedure 5, which provides that service is complete upon mailing, whether or not the addressee resides in a different state.

California residents against a non-California defendant under California consumer protection law is a question that must be considered on a class certification motion, but does not implicate his standing.

## V.  CONCLUSION

Target has not made any persuasive arguments supporting dismissal of Greenberg's claims.  Its motion is therefore denied.  Target shall file an answer to the complaint within 21 days of the issuance of this order.

**IT IS SO ORDERED**.

Dated: August 28, 2017

_____
RICHARD SEEBORG
United States District Judge