1  Matthew R. Orr, Bar No. 211097
2    morr@calljensen.com
   William P. Cole, Bar No. 186772
3    wcole@calljensen.com
   Samuel G. Brooks, Bar No. 272107
4    sbrooks@calljensen.com
   CALL & JENSEN
5  A Professional Corporation
   610 Newport Center Drive, Suite 700
6  Newport Beach, CA  92660
   Tel:   (949) 717-3000
7  Fax:   (949) 717-3100
8
   Attorneys for Defendants Target Corporation,
9  International Vitamin Corporation, and
   Perrigo Company of South Carolina, Inc.
10

11              **UNITED STATES DISTRICT COURT**
12            **NORTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  TODD GREENBERG, On Behalf of <br> Himself and All Others Similarly Situated, | Case No.  3:17-cv-01862-RS |
| 15 | **ANSWER OF TARGET** |
| 16          Plaintiff, | **CORPORATION TO CORRECTED** <br> **SECOND AMENDED COMPLAINT** |
| 17          vs. | |
| 18  TARGET CORPORATION, a Minnesota <br> Corporation, INTERNATIONAL | |
| 19  VITAMIN CORPORATION, a New Jersey <br> Corporation, and PERRIGO COMPANY | |
| 20  OF SOUTH CAROLINA, INC., | |
| 21 | |
| 22          Defendants. | |
| 23 | |
| 24 | Complaint Filed:        April 4, 2017 <br> First Am. Comp. Filed:  May 4, 2017 |
| 25 | Second Am. Comp. Filed: April 19, 2018 <br> Trial Date:              None Set |
| 26 | |

27
28

Defendant Target Corporation ("Defendant") hereby answers Plaintiff Todd Greenberg's Corrected Second Amended Complaint. The following numbered paragraphs respond to the factual allegations in the corresponding numbered paragraphs of the Second Amended Complaint. Defendant denies all the allegations in the Second Amended Complaint except as expressly admitted herein.

## ANSWER TO ALLEGATIONS REGARDING NATURE OF ACTION

1.      In response to paragraph 1, Defendant admits that it marketed, sold, and distributed biotin supplements under the Up & Up brand (the "Biotin Products"). Defendant states that the labels on these products speak for themselves. Defendant denies the allegations that it manufactured the Biotin Products, and denies that it made representations that are false, misleading, or likely to deceive the public.

2.      In response to paragraph 2, Defendant admits that biotin is the active ingredient of the Biotin Products. Defendant admits that the allegations regarding the characteristics of biotin are accurate, but qualifies this admission to the extent these allegations are overly simplistic or incomplete.

3.      In response to paragraph 3, Defendant denies the allegations. The source cited by Plaintiff in this paragraph speaks for itself. Defendant currently lacks sufficient knowledge or information to form a belief as to whether the opinions stated in the source cited by Plaintiff are valid.

4.      In response to paragraph 4, Defendant denies the allegations.

5.      In response to paragraph 5, Defendant denies the allegations.

6.      In response to paragraph 6, Defendant denies the allegations.

7.      In response to paragraph 7, Defendant admits that it cannot represent that the Biotin Products treat or cure any diseases. Defendant denies that it made any such representations, and denies the other allegations in this paragraph.

8.      In response to paragraph 8, Defendant denies the allegations. The source cited by Plaintiff in this paragraph speaks for itself. Defendant currently lacks sufficient

knowledge or information to form a belief as to whether the opinions stated in the source cited by Plaintiff are valid.

9.     In response to paragraph 9, Defendant denies the allegations.

10.     In response to paragraph 10, Defendant denies the allegations.

11.     In response to paragraph 11, Defendant denies the allegations of false, misleading, and deceptive advertising. Defendant admits that Plaintiff purports to bring this action on behalf of himself and other consumers. Defendant denies that class treatment is appropriate.

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

12.     In response to paragraph 12, Defendant admits that this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2). Defendant denies that Plaintiff or the putative class are entitled to relief. Defendant further denies that the Court has jurisdiction to the extent Plaintiff lacks standing to assert the claims.

13.     In response to paragraph 13, Defendant admits this Court has personal jurisdiction over Defendant. Defendant admits that it sold the Biotin Products in California.

14.     In response to paragraph 14, Defendant denies the allegations. Nevertheless, Defendant does not intend to challenge venue in this court.

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

15.     In response to paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence and purchase, and on that basis denies them. Defendant denies the remaining allegations.

16.     In response to paragraph 16, Defendant admits its corporate headquarters and incorporation and is without knowledge or information as to the remaining allegations.

17.     In response to paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     In response to paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### ANSWER TO FACTUAL ALLEGATIONS

19.     In response to paragraph 19, Defendant admits that it sold the Biotin Products in Target stores in multiple states, including California, in various quantities and for various prices. Defendant denies the remaining allegations.

20.     In response to paragraph 20, Defendant denies the allegations. The labels on the Biotin Products speak for themselves.

21.     In response to paragraph 21, Defendant denies the allegations. The labels on the Biotin Products speak for themselves.

22.     In response to paragraph 22, Defendant denies the allegations.

### ANSWER TO ALLEGATIONS REGARDING CLASS DEFINITION AND ALLEGATIONS

23.     In response to paragraph 23, Defendant admits that Plaintiff purports to bring this action on behalf of himself and the class defined in the paragraph. Defendant denies that this action is appropriate for class treatment.

24.     In response to paragraph 24, Defendant admits that Plaintiff purports to bring this action on behalf of himself and the class defined in the paragraph. Defendant denies that this action is appropriate for class treatment.

25.     In response to paragraph 25, Defendant denies the allegations.

26.     In response to paragraph 26, Defendant denies the allegations.

27.     In response to paragraph 27, Defendant denies the allegations.

28.     In response to paragraph 28, Defendant denies the allegations.

29.     In response to paragraph 29, Defendant denies the allegations.

30.     In response to paragraph 30, Defendant admits that Plaintiff seeks equitable relief. Defendant denies that Plaintiff or the classes are entitled to such relief.

31.     In response to paragraph 31, Defendant denies the allegations.

32.     In response to paragraph 32, Defendant denies the allegations that it has or is violating any laws, and denies the allegations that the members of the defined classes or the general public have or will continue to be deceived by Defendant's conduct.

## ANSWER TO ALLEGATIONS REGARDING COUNT I

### (for alleged violation of Business & Professions Code § 17200 *et seq.*)

33.     In response to paragraph 33, Defendant repeats and incorporates its responses to the allegations contained in the foregoing paragraphs to the same extent Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of the Second Amended Complaint.

34.     In response to paragraph 34, Defendant admits that Plaintiff purports to bring the claim on behalf of himself and the defined classes. Defendant denies that this action is appropriate for class treatment.

35.     In response to paragraph 35, Defendant denies these allegations.

36.     In response to paragraph 36, Defendant denies these allegations.

37.     In response to paragraph 37, Defendant states that the California statutes speak for themselves.

38.     In response to paragraph 38, Defendant denies these allegations.

39.     In response to paragraph 39, Defendant denies these allegations.

40.     In response to paragraph 40, Defendant denies these allegations.

41.     In response to paragraph 41, Defendant denies these allegations.

42.     In response to paragraph 42, Defendant admits that Plaintiff seeks restitution, an injunction, and other equitable relief. Defendant denies that Plaintiff and/or the classes are entitled to such relief.

## ANSWER TO ALLEGATIONS REGARDING COUNT II

### (for alleged violation of Consumers Legal
### Remedies Act – Civil Code § 1750 *et seq.*)

43.     In response to paragraph 43, Defendant repeats and incorporates its responses to the allegations contained in the foregoing paragraphs to the same extent



Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of the Second Amended Complaint.

44.     In response to paragraph 44, Defendant admits that Plaintiff purports to bring the claim on behalf of himself and the defined class. Defendant denies that this action is appropriate for class treatment.

45.     In response to paragraph 45, Defendant admits that the cause of action purports to be brought under the Consumers Legal Remedies Act. Defendant denies that Plaintiff and/or the class is entitled to any relief.

46.     In response to paragraph 46, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

47.     In response to paragraph 47, Defendant denies these allegations.

48.     In response to paragraph 48, Defendant admits that Plaintiff seeks an injunction, restitution, and disgorgement. Defendant denies that Plaintiff and/or the defined class are entitled to such relief.

49.     In response to paragraph 49, Defendant denies these allegations on the grounds that Plaintiff did not give Defendant a full 30-days to respond to his notice prior to bringing suit.

50.     In response to paragraph 50, Defendant denies that it had any obligation to comply with the demands made in Plaintiff's notice, as permitted by § 1782 of the Consumers Legal Remedies Act.

## DEFENSES

Without admitting that it bears the burden of proof, Defendant alleges the following additional matters as defenses. Defendant reserves the right to assert any defense that constitutes a rebuttal of Plaintiff's prima facie case, regardless of whether such defense is asserted herein. Defendant further reserves the right to seek leave to amend this Answer should information or other evidence come to light which supports any affirmative defense not alleged herein.

1.      Plaintiff's claims are barred in whole or in part on the grounds that the Second Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part on the grounds that he did not sustain any injury as a result of the alleged conduct.

3.      Plaintiff's claims are barred in whole or in part on the grounds that the statement in question was accompanied by an appropriate disclaimer.

4.      Plaintiff's claims are barred in whole or in part on the grounds that the statements that are alleged to be false, misleading, and/or deceptive, are true.

5.      Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff lacks standing to pursue one or more of his claims.

6.      Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff failed to mitigate his damages.

7.      Plaintiff's claim for punitive damages is barred on the grounds that Defendant had a reasonable and good faith basis for its conduct.

8.      Plaintiff's claims are barred to the extent they seek remedies outside the applicable statute of limitations.

9.      Plaintiff's claims are barred in whole or in part on the grounds that Defendant's conduct was protected by the First Amendment of the Constitution.

10.     Plaintiff's claims are barred in whole or in part on the grounds that Defendant's conduct was neither "unlawful" nor "unfair" as those terms are used in California Business & Professions Code § 17200, et. seq.

11.     Plaintiff's claims are barred in whole or in part on the grounds that Defendant's conduct comes within the safe harbor protections of California law.

CALL &
JENSEN

12. Plaintiff's claims are barred in whole or in part on the grounds that Defendant did not make any warranties with respect to the products at issue.

13. To the extent Plaintiff seeks to obtain remedies on behalf of the putative class, the claims are barred in that granting such remedies would violate Defendant's rights to due process.

14. Plaintiff's claims are barred in whole or in part to the extent they are preempted.

15. Plaintiff's claims are barred in whole or in part to the extent the statements at issue in this case were not material to Plaintiff and putative class members.

16. Plaintiff's claims are barred in whole or in part to the extent Plaintiff and putative class members did not rely on the statements at issue in this case and/or Defendant's alleged conduct was not the proximate cause of Plaintiff or putative class members' alleged injuries.

17. Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine to the extent Plaintiff and/or putative class members voluntarily paid for the products at issue in this case with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

18. Plaintiff's claim for punitive damages is barred on the grounds that granting such relief would violate Defendant's right to due process.

19. Plaintiff's claim for equitable remedies is barred on the grounds that Plaintiff has an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1.  that Plaintiff's request for this action to be administered as a class action under Rule 23 of the Federal Rules of Civil Procedure be denied;

2.  that Plaintiff take nothing by his complaint, and that judgment be entered in favor of Defendant and against Plaintiff;

3.  for costs of suit; and

4.  for such other and further relief as may be just and proper.

Dated: July 5, 2018

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole
Samuel G. Brooks

By: _/s/Samuel G. Brooks_
        Samuel G. Brooks

Attorneys for Defendants Target Corporation, International Vitamin Corporation, and Perrigo Company of South Carolina, Inc.

1

## <u>DEMAND FOR JURY TRIAL</u>

2     Defendant asserts its right to a trial by jury on all issues raised in the Complaint

3 and in this Answer.

4

5 Dated:  July 5, 2018                    CALL & JENSEN
                                          A Professional Corporation
6                                         Matthew R. Orr
                                          William P. Cole
7                                         Samuel G. Brooks

8

9                                         By:  _/s/ Samuel G. Brooks_____
                                               Samuel G. Brooks
10

11                                        Attorneys for Defendants Target Corporation,
                                          International Vitamin Corporation, and Perrigo
12                                        Company of South Carolina, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INT22-01:2239660_1:7-5-18                    - 10 -
ANSWER OF TARGET CORPORATION TO CORRECTED SECOND AMENDED COMPLAINT